# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ANDREW HOLMES** | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. 5:17-cv-00658** |
| | § | |
| | § | |
| **DAVID VERNARD CLARK AND** | § | |
| **LANDSTAR INWAY, INC.** | § | |
| *Defendants.* | § | **JURY DEMAND** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ANDREW HOLMES**, hereinafter referred to as "Plaintiff," complaining of and about **DAVID VERNARD CLARK** hereinafter referred to as "Defendant CLARK," and **LANDSTAR INWAY, INC.**, hereinafter referred to as "Defendant LANDSTAR" and for cause of action respectfully shows the Court the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190 and will seek entry of a docket control order with the Court.

### B. VENUE AND JURISDICTION

2. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of fees and costs and this is a suit between citizens of different states.

3. Venue as to this petition is proper in the Western District of Texas San Antonio Division Under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### C. PARTIES

4. Plaintiff, **ANDREW HOLMES**, is an individual and resident of Bexar County, Texas.

5. Defendant, **DAVID VERNARD CLARK**, an individual, is a resident of Onondaga County, New York. Defendant may be served with citation at his residence located at 617 Hiawatha Blvd, Apt. 22, Syracuse, NY 13208, or at any place he may be found.

6. Defendant, **LANDSTAR INWAY, INC.** is a domestic for-profit corporation doing business in the State of Texas. and may be served by serving its registered agent CT Corporation System, 1200 s. Pine Island road, Plantation FL 33324-4413.

### D. FACTS

7. On or about June 29, 2017, Plaintiff suffered injuries to their person when the automobile Plaintiff was traveling in was struck by the tractor/ trailer being driven by Defendant Clark. On the date in question, Plaintiff was traveling Southbound on the IH 35 in San Antonio, Texas, when suddenly and without warning Defendant merged into Plaintiff's lane of travel and violently collided into Plaintiffs' vehicle. As a result of this collision, Plaintiff sustained serious and painful injuries.

### E. COUNT 1 - NEGLIGENCE

8. At the time of the accident, Defendant Clark was operating his vehicle negligently. Defendant Clark's negligence was a proximate cause of Plaintiff's injuries. Defendant Clark had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following ways:

    a. Failing to timely apply the brakes;

    b. Failing to maintain driver attention;

    c. Failing to turn the vehicle to avoid the collision;

    d. Failing to maintain his lane of travel; and

    e. Failing to keep a proper lookout as to the roadway around him.

### COUNT 2 – AGENCY & RESPONDEAT SUPERIOR

9. At all times relevant to this litigation Defendant **CLARK** was in the course and scope of his employment with Defendant **LANDSTAR INWAY, INC.** Defendant **LANDSTAR INWAY, INC.** is liable for all of the acts and omissions of **CLARK** under the theory of Respondeat Superior.

### COUNT 3 – NEGLIGENT HIRING

10. Defendant **LANDSTAR INWAY, INC.** violated a duty owed to Plaintiff to exercise ordinary care in one or more of the following particulars:

   a. In negligently hiring Defendant **CLARK**;
   b. In negligently training Defendant **CLARK**;
   c. In negligently supervising Defendant **CLARK**;
   d. In allowing an unqualified driver to operate a vehicle owned by Defendant **LANDSTAR** on public street; and
   e. In negligently permitting vehicles belonging to Defendant, **LANDSTAR** to be operated in a manner that would result in severe foreseeable injury or death to third parties.

### F. DAMAGES

11. As a proximate result of Defendants' negligence, Plaintiff has suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, and incurred reasonable and necessary medical expenses for the care and relief of his injuries

12. For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish, and will continue to incur health care costs. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit.

### G. PRE-JUDGEMENT AND POST-JUDGEMENT INTEREST

13. Plaintiff is entitled to recover all pre-judgment and post-judgement interest as allowed by law, along with costs of court.

## H. Conditions Precedent

14. All conditions precedent have been performed or have occurred to support the Plaintiff's complaint and causes of action.

## I. Request for Jury Trial

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## J. Prayer

16. For these reasons, Plaintiff prays that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants for the following damages:

   a. Physical pain in the past and future;
   b. Mental anguish in the past and future;
   c. Disfigurement in the past and future;
   d. Physical impairment in the past and future;
   e. Medical expenses in the past and future;
   f. Loss of earning capacity in the past and future;
   g. Costs of suit;
   h. Prejudgment and post-judgment interest; and
   i. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Dr., Suite 102
San Antonio, TX 78216
(210) 444-4444- telephone
(210) 870-1521- facsimile
stevec@jeffdavislawfirm.com

By: _____
**STEVE CICHOWSKI, OF COUNSEL**
Texas Bar No. 00793507

**ATTORNEY FOR PLAINTIFF**